JRS: USAO 2016R00666

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX 19cr78 |
| | * | |
| ISAURA BEATO, | * | Conspiracy to Commit Wire Fraud, |
| | * | 18 U.S.C. § 1349; Wire Fraud, |
| Defendant | * | 18 U.S.C. § 1343; Aggravated |
| | * | Identity Theft, 18 U.S.C. § 1028A; |
| | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), |
| | * | 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| | * | |

*******

### INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. AT&T Inc. was a multinational telecommunications conglomerate, headquartered in Dallas, Texas, that provided mobile telephone services, such as wire and data services, to its customers through AT&T Mobility LLC ("AT&T Mobility").

2. Apple Inc. was a California corporation with its principal place of business in Cupertino, California. Apple Inc. owned and operated a chain of retrial stores ("Apple Stores") that sold iPhone smartphones, Mac personal computers, iPad tablet computers, iPod portable media players, Apple Watch smartwatches, Apple TV digital media players, software, and certain third-party accessories.

3. The iPhone smartphone was a wireless communications device that acted simultaneously as a mobile phone, music player, and Internet communications device.

4. AT&T Mobility customers could upgrade their iPhones either at AT&T Mobility retail stores or at Apple Stores. When AT&T mobility customers visited Apple Stores to upgrade their phones, Apple Store employees verified the customers' AT&T Mobility account information and upgrade eligibility by electronically transmitting the customers' information to AT&T Mobility. In response, AT&T Mobility either approved or disapproved the iPhone upgrade requests, and, if approved, the Apple Store employee typically received payments for the taxes and fees associated with the upgraded iPhones from the AT&T Mobility customers, charged the upgraded iPhones to the AT&T Mobility customers' accounts, and provided the AT&T Mobility customers with upgraded iPhones.

5. The AT&T computer servers to which AT&T Mobility customer data was transmitted for verification was located in the State of Washington.

6. Defendant **ISAURA BEATO ("BEATO")** was a resident of New York.

### The Conspiracy

7. Between in or about May 2015 and in or about September 2016, in the District of Maryland and elsewhere, the defendant,

**ISAURA BEATO,**

did knowingly combine, conspire, confederate, and agree with others known and unknown, to knowingly devise a scheme and artifice to defraud AT&T Mobility and to obtain property, that is, Apple iPhone 6s and 6s Plus cellular telephones, from AT&T Mobility by means of materially false and fraudulent pretenses, representations, and promises, and material omissions ("the

scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, to wit, electronic communications of AT&T Mobility customer data and transaction data from the State of Maryland to the State of Washington, in violation of 18 U.S.C. § 1343.

**Manner and Means of the Conspiracy and Scheme to Defraud**

8. The conspiracy and scheme to defraud was carried out through the following manner and means, among others:

    a. It was a part of the conspiracy and scheme to defraud that **BEATO** and her coconspirators traveled from New York and elsewhere to Apple Stores located in Maryland and elsewhere, in order to obtain access to accounts belonging to existing AT&T Mobility customers, without the knowledge or consent of those customers, and thereby fraudulently obtain Apple iPhones for resale.

    b. It was a further part of the conspiracy and scheme to defraud that **BEATO** and her coconspirators obtained stolen personal identifying information ("PII"), including names, addresses, dates of birth, Social Security numbers, and AT&T cellular telephone numbers belonging to existing AT&T Mobility customers, and used this information to create (i) counterfeit drivers' licenses and state identification cards bearing the pictures of **BEATO** and her coconspirators and the personal identifying information of existing AT&T Mobility customers from California and elsewhere, as well as (ii) counterfeit credit cards in the bearing the names of existing AT&T Mobility customers, so that **BEATO** and her coconspirators could

fraudulently pose as those existing AT&T Mobility customers at the Apple Stores in Maryland and elsewhere.

c. It was a further part of the conspiracy and scheme to defraud that **BEATO** and her coconspirators traveled to Apple Stores in Maryland and elsewhere and (i) assumed the identities of existing AT&T Mobility customers or were added as authorized users to the account of existing AT&T Mobility customers without the consent or knowledge of existing AT&T Mobility customers, (ii) presented counterfeit drivers' licenses and credit cards to Apple Store employees, and (iii) requested to upgrade iPhones on existing AT&T Mobility customers' accounts and charge and finance the costs of the upgraded iPhones to existing AT&T Mobility customers' accounts.

d. It was further part of the conspiracy and scheme to defraud that after **BEATO** and her coconspirators gained access to existing AT&T Mobility customers' accounts, **BEATO** and her coconspirators paid only the taxes and fees associated with the upgraded iPhones in cash, while the costs of the upgraded iPhones were charged to the existing AT&T Mobility customers' account, and thereby obtained one or more upgraded iPhones per visit to the Apple Stores.

e. It was further part of the conspiracy and scheme to defraud that **BEATO** and her coconspirators provided the fraudulently obtained iPhones to other coconspirators, who then resold the iPhones in New York and elsewhere.

## Overt Acts

9.  In furtherance of the conspiracy, and to effect the objects thereof, the defendant and others committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

   a. In February 2016, **BEATO** traveled together with her coconspirators from New York to Maryland.

   b. On or about February 11, 2016, **BEATO** received from one of her coconspirators a counterfeit driver's license listing the PII of Victim A, but bearing the photograph of **BEATO**.

   c. On or about February 11, 2016, **BEATO** received a counterfeit credit card in the name of Victim A.

   d. On or about February 11, 2016, **BEATO** used the PII of Victim A to upgrade two iPhones associated with Victim A's AT&T Mobility account without the knowledge and consent of Victim A at an Apple Store in Bethesda, Maryland.

18 U.S.C. § 1349

## COUNT TWO
## (Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1.  Paragraphs 1 through 6 and 8 through 9 of Count One are incorporated here and constitute a scheme and artifice to defraud the United States as described in paragraph 7 of Count One ("the scheme to defraud").

2.  On or about February 11, 2016, in the District of Maryland and elsewhere, the defendant,

**ISAURA BEATO,**

for the purpose of executing and attempting to execute the scheme to defraud, did cause to be transmitted, by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, to wit, wire communications containing AT&T Mobility account and transaction information to charge and finance the costs of the two upgraded iPhones against Victim A's account, which were electronically routed from Apple Stores in the District of Maryland to AT&T servers in the State of Washington.

18 U.S.C. § 1343

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations in paragraphs 1 through 6 and 8 through 9 of Count One are incorporated here.

2. On or about February 11, 2016, in the District of Maryland and elsewhere, the defendant,

**ISAURA BEATO,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person—to wit, the name, address, and Social Security number of Victim A—during and in relation to a violation of 18 U.S.C. §§ 1349 and 1343, as charged in Counts One and Two of this Indictment.

18 U.S.C. § 1028A

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's convictions on Counts One and Two of this Indictment.

2. As a result of the offenses set forth in Counts One and Two of this Indictment, the defendant,

**ISAURA BEATO,**

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or,

   e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

_Robert K. Hur_ /JRS
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

February 13, 2019
Date